UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDSAY P. SHULER, | : |
| Petitioner, | : |
| v. | : CIVIL NO. 3:CV-08-01987 |
| SUPERINTENDENT MICHAEL W. HARLOW, ET AL., | : (JUDGE VANASKIE) |
| Respondents. | : |

M E M O R A N D U M

I.  Introduction

On November 3, 2008, Lindsay P. Shuler, Petitioner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2002 Dauphin County Court of Common Pleas convictions. Because it appears the petition may be barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1), the court the court will sua sponte raise the issue of whether or not Shuler's petition is timely filed. See United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc) (a district court may raise the one-year statute of limitations on its own motion, provided that the petitioner is furnished notice and an opportunity to respond). Prior to requiring a response to the Petition, Shuler will be granted the opportunity to argue in favor of the timeliness of his petition.

II.     Background

A review of the Petition (Doc. 1) and the docket sheet in Commonwealth v. Shuler, CP-22-CR-0002170-2001 (Dauphin C.C.P. 2002), available to the court via http://ujsportal.pacourts.us/default.aspx, reveal the following information.  On February 11, 2002, following a jury trial, Shuler was convicted of two counts of arson, one count of burglary and one count of cruelty to animals.  He was sentenced on April 19, 2002, to a period of incarceration of not less than fifty-four (54) months and no more than two-hundred-four (204) months.   (Doc. 1, Petition.)  The trial court denied Shuler's post-sentencing motions on December 30, 2002.  (See Commonwealth v. Shuler, CP-22-CR-0002170-2001 (Dauphin C.C.P. 2002), docket sheet.)  Shuler then filed a direct appeal.  The Pennsylvania Superior Court affirmed the sentence and conviction on October 6, 2003.  (Id.; see Commonwealth v. Shuler, 1343 MDA 2002 (Pa. Super. 2002)).  The Pennsylvania Supreme Court denied Shuler's petition for allowance of appeal on October 7, 2004.  (Id.; see Commonwealth v. Shuler, 604 MAL 2004 (Pa. 2004)).

On January 6, 2005, Shuler filed a petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA").  See 42 Pa. C.S.A. §§ 9541-9546.  After counsel was appointed and an amended PCRA petition was filed, an evidentiary hearing was held on September 20, 2005.  (See Commonwealth v. Shuler, CP-22-CR-0002170-2001 (Dauphin C.C.P. 2002), docket sheet.)  On February 15, 2006, the trial court, now acting as the PCRA

court, denied the petition. (Id.) The Superior Court of Pennsylvania affirmed the PCRA court's order on June 26, 2007. (Id.; see Commonwealth v. Shuler, 463 MDA 2006.)

On August 13, 2007, Shuler filed a second PCRA petition. . (See Commonwealth v. Shuler, CP-22-CR-0002170-2001 (Dauphin C.C.P. 2002), docket sheet.) The PCRA court dismissed the petition as untimely on November 11, 2007. (Id.) On September 24, 2008, the Pennsylvania Superior Court affirmed the PCRA court's dismissal of the petition. (See Commonwealth v. Shuler, 2054 MDA 2007 (Pa. Super. 2008)).

III.     Discussion

In relevant part, the one year limitations period to file a section 2254 petition begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). The limitations period is tolled for the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2)(emphasis added); Taylor v. Horn, 504 F.3d 416, 426 (3d Cir. 2007). The one-year filing deadline in 28 U.S.C. § 2244(d)(1) is also subject to equitable tolling. See Schlueter v. Varner, 284 F.3d 69, 75-76 (3d Cir. 2004); Fahy v. Horn, 240 F.3d 239 (3d Cir. 2001).

The Pennsylvania Supreme Court denied Shuler's petition for allowance of appeal on October 27, 2004. Thus, his conviction became "final" at the expiration of the ninety-

day period for seeking certiorari review from the United States Supreme Court.  See Long v Wilson, 393 F.3d 390, 394 (3d Cir. 2004).  The limitations period therefore began to run on January 25, 2005, and Shuler had until January 25, 2006, to file his federal habeas petition.  Shuler filed his habeas petition on November 3, 2008, in excess of two years after that period expired.  Hence, unless the time period was statutorily or equitably tolled between those two dates, his petition is untimely.  See Jones v Morton, 195 F.3d 153, 158-160 (3d Cir. 1999).

The limitations period is statutorily tolled during the time a "properly filed application for State post-conviction relief . . . is pending."  28 U.S.C. § 2244(d)(2).  The Supreme Court in Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 363-364, 148 L.Ed.2d 213 (2000), defined "properly filed" for the purposes of tolling the federal habeas corpus limitations period pursuant to section 2244(d)(2) as follows:

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record.  And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

(citations and footnote omitted).  "Untimely filing, absence of jurisdiction, failure to pay fees, and failure to obtain a requisite certificate of appealability are all examples of flaws going to the application for relief itself ... which prevent  tolling."  Satterfield v. Johnson, 434 F.3d 185, 192 (3d Cir. 2006).  A federal court cannot challenge a state court's determination that a state

postconviction petition was untimely under state law.  See Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 S.Ct. 1807, 1812, 161 L.Ed.2d 669 (2005)("When a postconviction petition is untimely under state law, that is the end of the matter.")(internal quotations omitted).

It appears that Shuler's first, and timely filed, PCRA petition tolled the limitations period from the day it was filed, until the day the Superior Court of Pennsylvania affirmed the PCRA court's order denying it.  In other words, the limitations period was statutorily tolled from January 6, 2005 through June 26, 2007.  Once the Superior Court determined Shuler's appeal, the limitations period commenced to run.  Shuler's deadline for filing a timely habeas petition appears to have expired on June 26, 2008.

Although Shuler filed a second PCRA petition on August 13, 2007, it does not appear that it provides him with any tolling benefit as the PCRA court deemed it untimely filed.  The Superior Court affirmed the PCRA court's decision on September 24, 2008.  As previously noted, a state postconviction petition found to be untimely under state law does not toll the federal limitations period.  See Satterfield, 443 F.3d at 192 (citing Pace, supra).   Thus, it appears that, absent equitable tolling, Shuler's petition is time-barred by 103 days. Horning v. Lavan, 197 Fed. Appx. 90, 93 (3d Cir. 2003).  Accordingly, it is appropriate to require Shuler to show cause why his habeas petition is not untimely.

s/ Thomas I. Vanaskie  
Thomas I. Vanaskie  
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDSAY P. SHULER, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | CIVIL NO. 3:CV-08-01987 |
| : | |
| SUPERINTENDENT MICHAEL W. : | (JUDGE VANASKIE) |
| HARLOW, ET AL., : | |
| : | |
| Respondents. : | |

# O R D E R

NOW, THIS 18th DAY OF DECEMBER, 2009, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED.

2. Petitioner is granted twenty (20) days from the date of this order to show cause why his petition should not be dismissed as barred by the statute of limitations.

3. Failure to respond to this Order will result in the dismissal of the habeas corpus petition.

                                                s/ Thomas I. Vanaskie
                                                Thomas I. Vanaskie
                                                United States District Judge