IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LINDSAY P. SHULER, :
:
          Petitioner, :
:
          : CIVIL NO. 3:CV-08-1987
     v. :
          : (JUDGE VANASKIE)
SUPERINTENDENT MICHAEL W. :
HARLOW, :
:
          Respondent.


MEMORANDUM

Background

     This pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 was initiated by

Lindsay P. Shuler, an inmate confined at the State Correctional Institution, Mercer,

Pennsylvania (SCI-Mercer).[1]  Named as Respondent is SCI-Mercer Superintendent Michael W.

Harlow.

     Following a jury trial in the Dauphin County Court of Common Pleas, Petitioner was

---

[1] For the convenience of the reader of this Memorandum opinion in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted.  The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court. Citations to page numbers refer to the page number of the document on the CM/ECF electronic record.

convicted of arson (2 counts); burglary; and cruelty to animals. (Commonwealth v. Shuler, CP-22-CR-0002170-2001 (Dauphin C.C.P. 2002) (available via http://ujsportal.pacpurts.us/default.aspx). On April 19, 2002, Shuler was sentenced to an aggregate term of imprisonment of not less than fifty-four (54) and not more than two hundred and four (204) months.[2] Following sentencing, Shuler filed post-sentence motions, which were denied on December 30, 2002. Petitioner then filed a direct appeal which was denied by the Pennsylvania Superior Court by decision dated October 6, 2003. Commonwealth v. Shuler, 839 A.2d 1162 (Pa. Super 2002)(Table). His request for allowance of appeal was denied by the Pennsylvania Supreme Court on October 7, 2004. Commonwealth v. Shuler, 860 A.2d 123 (Pa. 2004) (Table).

On January 6, 2005, Shuler initiated an action pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C. S. A. § 9541, et seq. After being afforded the assistance of court-appointed counsel, an evidentiary hearing was conducted on September 20, 2005. On February 15, 2006, Shuler's PCRA petition was denied by the Court of Common Pleas. Pennsylvania's Superior Court affirmed the dismissal of Shuler's PCRA action on June 26, 2007.

Petitioner then filed a second PCRA action on August 13, 2007. He acknowledges that

---

[2] It is noted that Shuler was also apparently the subject of a separate criminal prosecution in Dauphin County, CR -0000323-2003. See Commonwealth v. Shuler, 849 A.2d 610 (Pa. Super 2004); Commonwealth v. Shuler, 857 A.2d 678 (Pa. 2004)(Table).

no hearing was conducted. (Dkt. Entry # 1, ¶ 11(b)(6).) His petition was dismissed as being untimely filed on November 11, 2007. See Commonwealth v. Shuler, CP-22-CR0002170-2001 (Dauphin C.C.P. 2002)(docket sheet.) This dismissal was affirmed by the Pennsylvania Superior Court on September 24, 2008.

On November 3, 2008, Shuler initiated this habeas corpus action.[3] He claims entitlement to federal habeas corpus relief on grounds of ineffective assistance of trial, appellate, and PCRA counsel. Petitioner also raises allegations of trial court error.

By Memorandum and Order dated December 18, 2009, this Court, exercising the discretion afforded under Day v. McDonough, 547 U.S. 198, 209-11 (2006), and United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc), directed Petitioner to show cause why his habeas corpus petition should not be dismissed as untimely pursuant to the provisions of Section 2244(d) of Title 28 of the United States Code. (Dkt. Entry # 4 at 5.) Despite being afforded an abundance of time in which to do so, Petitioner has not filed a response.

Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), amended the federal habeas statute by imposing a statute of limitations on prisoners requesting habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, Section

---

[3] Shuler's § 2254 petition is dated October 29, 2008, and will be deemed filed as of that date. See Houston v. Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court).

2244(d) of Title 28 of the United States Code provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

## Statutory Tolling

Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the period for direct review expired. The running of the limitations period, however, is suspended for the period when properly-filed state post-conviction proceedings are pending in any state court.

As noted earlier, the Pennsylvania Supreme Court denied Shuler's request for allowance of appeal on October 27, 2004, and he acknowledges that a petition for a writ of certiorari was not filed with the United States Supreme Court. (Dkt. Entry # 1, ¶ 9(h).) Accordingly, Petitioner's Dauphin County conviction became final for purposes of § 2244(d) on January 25, 2005, when the period for seeking review from the United States Supreme Court expired. See Karpral v. United States, 166 F.3d 565, 570 (3d Cir. 1999). However, Petitioner's initial pro se

-4-

PCRA petition, a properly-filed state post-conviction proceeding, which was timely filed on January 6, 2005 (prior to commencement of the § 2244 limitations period) tolled the running of the statute of limitations for the period of January 6, 2005 through June 26, 2007 when the Superior Court affirmed the entry of dismissal. Hence, the limitations period commenced running on June 26, 2007 and expired on June 26, 2008.

Shuler's second PCRA action, filed on August 13, 2007, did not extend the time for seeking federal habeas corpus relief because it was rejected by the state courts as being untimely and as such is not a basis for statutory tolling. See Fahy v. Horn, 240 F.3d 239, 243 (3d Cir.), cert. denied, 534 U.S. 944 (2001)(an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition); Merritt v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003)(federal courts are bound by state court's determination that PCRA petition was untimely and thus not "properly filed"). Since Shuler did not seek federal habeas corpus relief until October 29, 2008, his action is clearly untimely.

Equitable Tolling

The "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones, 195 F.3d at 159, citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing

his claims diligently; and (2) that same extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005). In Jones, the court held that a finding of equitable tolling is proper only in "extraordinary" and "rare" circumstances. Equitable tolling may be appropriate "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, 195 F.3d at 159. "[M]iscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). In Johnson v. Hendricks, 314 F. 3d 159 (3d Cir. 2002), the court reiterated that attorney error was not a sufficient basis for equitable tolling. Likewise, it has been established that the principles of equitable tolling do not extend to claims of excusable neglect. Irwin, Dept. Of Veterans' Affairs, 498 U.S. 89, 96 (1990).

As previously noted, Shuler did not file a response to this Court's December 18, 2009 Memorandum and Order. Petitioner offers no reasonable explanation as to why he could not have pursued review of his federal habeas claims in a timely fashion. There are no facts presented or apparent from the record which could establish that Shuler's failure to timely pursue habeas corpus relief was caused by being misled by the Commonwealth, or that pursuit of such relief was otherwise prevented in some extraordinary fashion. Furthermore, Petitioner's claims are not premised upon after-discovered evidence. Accordingly, Petitioner is not entitled

to equitable tolling.

Since Shuler has not established entitlement to either statutory or equitable tolling and his § 2254 petition was filed after the expiration of the § 2244(d) limitations period, this matter is clearly time barred and is precluded from consideration.  An appropriate Order will enter.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LINDSAY P. SHULER,                       :
                                         :
                    Petitioner,          :
                                         :     CIVIL NO. 3:CV-08-1987
          v.                             :
                                         :     (JUDGE VANASKIE)
SUPERINTENDENT MICHAEL W.                :
HARLOW,                                  :
                                         :
                    Respondent.          :


<u>ORDER</u>

_____NOW, THEREFORE, THIS 7th DAY OF APRIL, 2010, in accordance with the

accompanying Memorandum, IT IS HEREBY ORDERED THAT:

    1.     The petition for a writ of habeas corpus is DISMISSED.

    2.     The Clerk of Court is directed to mark this matter CLOSED.

    3.     There is no basis for issuance of a certificate of appealability.

<u>s/ Thomas I. Vanaskie</u>
Thomas I. Vanaskie
United States District Judge